**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LASTRADA ENTERTAINMENT COMPANY, LTD.<br><br>Plaintiff,<br><br>-against-<br><br>STEVIE HILL p/k/a “STEVIE B”<br><br>Defendants. | 1:26-cv-7950<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff, Lastrada Entertainment Company, Ltd. (“Lastrada”), by its attorneys The Roth Law Firm, PLLC, as and for its Complaint against Stevie Hill professionally known as “Stevie B” hereby alleges upon personal knowledge and upon information and belief:

**Nature of the Case**

1. This is an action for copyright infringement arising from Defendants’ unauthorized use of Plaintiffs’ copyrighted recordings and an accounting for unpaid music publishing royalties in connection with the unauthorized sale of the recording.

2. Plaintiff is a co-owner owner of the catalog of sound recordings that Stevie B recorded pursuant to a record contract with Saja Music Co. dated May 7, 1987. Plaintiff is also a co-owner of the underlying musical compositions of those Recordings (“Compositions”).

3. Stevie B, without authorization has been reproducing, distributing and publicly performing the Recordings in the United States and throughout the world without authorization, or authorizing the same, on all major music platforms throughout the world.

**Jurisdiction**

4. The Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a).

5. In addition, Plaintiff alleges copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*.

6. This Court has personal jurisdiction over Defendant because he reproduced, publicly performed and distributed the infringing Recordings through New York and/or authorized the same, through New York based music streaming platforms including, Spotify, and has directed his unauthorized activities and marketing of the advertising campaign at New York residents, and New York residents are able to reproduce, perform and stream the infringing Recordings. In addition, Defendant regularly performs live concerts in New York.

7. In addition, this Court has personal jurisdiction over Defendant because his recording contract as amended provides for New York law and Defendant does continuous and systematic business and/or have a place of business in this Judicial District.

8. Venue is proper in this Judicial District pursuant to 28 U.S.C §§ 1391(b), 1391(c) and 1400(a) because Defendants are subject to personal jurisdiction in this Judicial District and had committed unlawful acts of infringement in this Judicial District.

**Parties**

9. Plaintiff, Lastrada Music Co., Ltd. ("Lastrada") is a New York corporation and maintains a principal place of business in New York.

10. Defendant, Stevie Hill p/k/a "Stevie B" is a citizen of Nevada residing at 6532 Foley Estate Ave., Las Vegas, Nevada 891118.

**Ownership of the Recordings & Musical Compositions**

11. The Plaintiff in this action is the legal owners of 20% of the copyright in the Recordings. These recordings include the albums: In My Eyes; (1) I Wanna Be The One; (2) Girl I am Searching For You; (3) I Came To Rock Your Body; (4) Love Me For Life; (5) In My Eyes; (6) Lifetime Love Affair; (7) Come With Me; (8) Children of Tomorrow; Party Your Body: (1)

Party Your Body; (2) I Need You; (3) Stop the Love; (4) Day N' Night; (5) Dreamin' of Love; (6) No More Tears; (7) Spring Love; (8) Baby I'm A Fool for Love; Love & Emotion: (1) Love and Emotion (2) Because I Love You (The Postman Song); (3) Forever More; (4) Broken Hearted; (5) Facts of Love; (6) Who's Loving You Tonight? (7) We're Jamming Now; (8) Memories of Loving You; (9) I'll Be By Your Side. (collectively, the "Recordings").

12. The copyright in the recordings on the album, Party Your Body have copyright registration number SR000089748.

13. The copyrights in the recordings on the album, In My Eyes, have copyright registration number SR000102966.

14. The copyright in the recordings on the album, Love & Emotion, have copyright registration number SR000120222.

15. In addition, Lastrada is the owner of copyrights in the singles Party Your Body (SR000089332/SR000084908); Dreamin' of Love (SR000090332); Spring Love (SR000094886); and I Wanna Be The One (SR000102967).

16. In addition to owning the recordings, Lastrada owned an undivided 50% interest in the copyrights in the musical compositions of the same title underlying each Recording until December 5, 2024 (the "Compositions").

17. Stevie B co-owns some of the Compositions.

**Stevie B's Infringement of the Recordings**

18. For at least the last three years, at all times, Stevie B has without any authorization from Lastrada offered all of the Recordings for sale and streaming on all major music platforms throughout the world, including Spotify, Apple, Amazon, YouTube.

19. In doing so, Stevie B has infringed the copyright in each Recording by engaging in the unauthorized reproduction, distribution, public performance and digital transmission of the Recordings, and/or authorized the same.

20. As a result of this unlawful activity, Stevie B has received revenues that he is not entitled to receive from each Recording.

21. In addition, Stevie B has received music publishing royalties on each reproduction, distribution, and public performance of each Composition.

22. Stevie B had a duty and obligation to account to Lastrada for 50% of all gross receipts of publishing royalties from any source in connection with the sale and streaming of the Compositions co-owned by Stevie B and Lastrada, including those royalties known as "mechanical royalties, through December 5, 2024.

23. Stevie B refuses to stop selling infringing copies of the recordings.

24. Stevie B refuses to account to Lastrada for its 50% of the publishing royalties on Compositions co-owned by them through December 5, 2024.

**First Cause of Action**
(Copyright Infringement – 17 U.S.C. § 101, *et seq*.)

25. Plaintiff repeats and realleges the allegations set forth above as though set forth fully herein.

26. Plaintiff is the 20% legal owner of the U.S. and worldwide copyright in each of the Recordings.

27. Defendant has reproduced, distributed, and publicly performed the Recordings, and/or authorized others to do the same, without authorization from Plaintiffs on a continuous basis.

28. As a proximate result of Defendant's wrongful conduct, Plaintiff has been irreparably harmed, suffered damages, and Defendants have profited in an amount to be determined at trial.

29. Defendant have directly and indirectly profited from the infringing use of the Recordings in an amount to be determined at trial.

**<u>Second Cause of Action</u>**
(Accounting)

30. Plaintiff repeat and reallege the allegations set forth above as though set forth fully herein.

31. Plaintiff was a co-owner of the copyrights in some of the Compositions as successor-in-interest to Saja who acquired a 50% interest in these copyrights in Stevie B's recording contract until Defendants transferred its interest on December 5, 2024.

32. Defendant has commercially exploited the Compositions and received profits.

33. Under U.S. Copyright Law, co-owners have a duty to account to their co-owners for their share.

34. Defendants exploited Compositions co-owned by Plaintiff and Defendant, but refused to account to Plaintiff for its share of the revenues.

35. Defendant has directly and indirectly profited from the Compositions to the detriment of Plaintiff in an amount to be determined at trial.

**<u>Demand for Jury Trial</u>**

36. Plaintiff respectfully requests a trial by jury on all claims asserted in this Complaint.

**Prayer for Relief**

WHEREFORE, Plaintiff, Lastrada Entertainment Company, Ltd. by its attorneys The Roth Law Firm, PLLC, respectfully request that judgment be entered against Stevie Hill p/k/a Stevie B., as follows:

A. For judgment that Defendant has infringed the U.S. copyright in the Recordings; and

B. For judgment that Defendant must account to Plaintiff for 50% of all gross revenues received as a co-owner of any Compositions co-owned by Plaintiff and Defendant through December 5, 2024.

C. For judgment assessing Defendant for the damages suffered, including an award of actual damages, including Defendants' direct and indirect profits attributable to the infringement, as well as costs and attorney's fees, and pre-judgment interest, to the full extent provided for by Sections 504 and 505 of the Copyright Act, 17 U.S.C. §§ 504 and 505; and

D. For judgment granting such other, further, and different relief as to the Court may seem just and proper, including Plaintiff's costs and reasonable attorneys' fees.

Dated: New York, New York
September 11, 2026

THE ROTH LAW FIRM, PLLC
*Attorneys for Plaintiffs*

By: __________________________

Brian S. Levenson
Richard A. Roth
295 Madison Avenue, Floor 22
New York, New York 10017
Telephone: (212) 842-8882